FILED
APR 26 2023

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TUJUANE LOWRY,<br><br>    Plaintiff,<br><br>vs.<br><br>JENNIFER STODDARD, Brown County State Attorney, in official capacity; MICHAEL BUNKE, Aberdeen Police Department Detective, in official capacity; and JORDAN MAJESKE, Aberdeen Police Department Detective, in official capacity,<br><br>    Defendants. | 1:23-CV-01008-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 alleging defendants committed the federal crimes of perjury, subornation of perjury, and false declaration on June 29, 2022, in connection with sworn testimony before a state court grand jury and subsequent indictments in the South Dakota Fifth Judicial District, County of Brown. He also claims defendants violated his right to equal protection under the Fourteenth Amendment to the United States Constitution.

## INITIAL SCREENING

Plaintiff paid the filing fee in this action and is not proceeding *in forma pauperis*. Nonetheless, he is currently, and was at the time of the filing of the complaint, a federal pretrial detainee.[1] Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the Court must conduct an initial review of the complaint. I am required to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to

---

[1] Plaintiff, who was in the custody of the State of South Dakota as a pretrial detainee, was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* on March 14, 2023, in 1:22-cr-10031-CBK, involving a charge of felon in possession of a firearm.

give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A. In doing so, I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal.

On June 29, 2022, an indictment was returned in 06CRI22-000521 alleging that, on June 18, 2022, plaintiff committed two counts of first-degree burglary, one count of third-degree rape, commission of a felony while armed with a firearm, sexual contact with a person incapable of consenting, and possession of a firearm by a violent or drug related convicted felon. The indictment indicates that Detective Michael Bunke testified before the grand jury in regard to the indictment. The indictment was filed on July 7, 2022.

Trial was scheduled in the above case, after two continuances, for March 29, 2023. Following being taken into federal custody on March 14, 2022, the above state charges were dismissed without prejudice on motion of the prosecutor on March 21, 2023.

Also on June 29, 2022, an indictment was returned in 06CRI22-000522 alleging that, on June 20, 2022, plaintiff committed aggravated eluding, eluding, and reckless driving. The indictment does not indicate that any defendant in this action testified before the grand jury in regard to the indictment. The indictment was filed on July 6, 2022. The case is still pending but no trial or other hearing is scheduled in the case.

Finally, again on June 29, 2022, an indictment was returned in 08CRI22-00572 alleging that, on June 21, 2022, plaintiff committed possession of a controlled substance and possession of a firearm by a violent or drug related convicted felon. The indictment indicates that Detective Jordan Majeske testified before the grand jury in regard to the indictment. The indictment was filed on July 7, 2022. The case is still pending but no trial or other hearing is scheduled in the case.

Plaintiff set forth in the statement of claim that, on June 29, 2022, during the grand jury session, defendant Stoddard was present when defendants Bunke and Jordan testified as to charges for which plaintiff was indicted. He references no particular state court case

2

number but the only facts he references in his complaint are his claim that statements were made that "her legs moved minimally," "she was very limp throughout this whole process," and that "it was pretty clear in the video that MA was not conscious during majority of the rape." Clearly, the basis of the complaint is plaintiff's claim that defendants were involved in alleged false testimony before the grand jury that returned an indictment for, *inter alia*, third-degree rape and sexual contact with a person incapable of consenting.

## I. Official Capacity Claims.

Plaintiff sued defendants in official capacities. When a public employee is sued in his or her official capacity, the plaintiff is suing "only the public employer," in this case, Brown County and the City of Aberdeen. Furlow v. Belmar, 52 F.4th 393, 406 (8th Cir. 2022). Local governments, like counties and cities, are liable only for "their own illegal acts" and are not vicariously liable under § 1983. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). *Accord,* Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A county [and a city] may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis County, 919 F.3d 1054, 1058 (8th Cir. 2019) (*citing* Monell v. Dep't of Soc. Servs., *supra*.). Plaintiff does not allege that any official action or policy on behalf of Brown County or the City of Aberdeen or their policy making officials caused his injuries or damages. His official capacity claims should be dismissed for failure to state a claim upon which relief can be granted.

## II. Immunity.

Even if the Court were to construe the claims against defendant Stoddard as individual capacity claims, the claims fail on the basis of prosecutorial immunity. Plaintiff seeks damages from defendant Stoddard for actions she allegedly committed while presenting evidence before a grand jury. The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is

3

immune from a civil suit for damages under s 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976) *Accord*, Stockley v. Joyce, 963 F.3d 809, 817 (8th Cir. 2020) (cleaned up). Plaintiff's claims against defendant Stoddard that she was present during the alleged false testimony before the grand jury concern her role as a prosecutor and are barred by prosecutorial immunity. Plaintiff fails to state a claim upon which relief could be granted against defendant Stoddard.

Likewise, if the Court were to construe the claims against the Aberdeen Police Officers as individual capacity claims, the claims also fail on the basis of absolute immunity. Law enforcement witnesses who testify before a grand jury are absolutely immune from liability under § 1983 for claims based on the witness' testimony. Rehberg v. Paulk, 566 U.S. 356, 369, 132 S. Ct. 1497, 1506, 182 L. Ed. 2d 593 (2012), discussing Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) and Imbler v. Pachtman, *supra*.

## ORDER

Based upon the foregoing,

IT IS ORDERED that plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

DATED this 20th day of April, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge